IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND F. MENDEZ and
MARGARET A. MENDEZ,

      Plaintiffs,

v.                                                                  No. 1:23-cv-01160-JCH-JMR

STATE EMPLOYEES CREDIT UNION and
MATT CANO,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiffs, both of whom are proceeding *pro se*, filed a Complaint using the form "Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)." Doc. 1, filed December 28, 2023. A letter attached to the Complaint indicates this case arises from Plaintiffs' credit card being declined at a restaurant. *See* Complaint at 5.

United States Magistrate Judge Jennifer M. Rozzoni notified Plaintiffs"

As the parties seeking to invoke the jurisdiction of this Court, Plaintiffs bear the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

There is no properly alleged diversity jurisdiction because the Complaint indicates that Plaintiffs and Defendants reside in New Mexico. *See* Complaint at 1-2. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" . . . "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."

*Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir.2012) and *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

Order to Show Cause at 1-2, Doc. 3, filed December 29, 2023. Judge Fashing ordered Plaintiffs to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint.

Plaintiff Raymond F. Mendez filed an Amended Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." *See* Doc. 5, filed January 10, 2024 ("Amended Complaint"). The Amended Complaint does not list Margaret A. Mendez as a Plaintiff and is not signed by Margaret A. Mendez.

The caption of the Amended Complaint indicates Defendants are "Matt Cano, Service of Process Agent, State Employees Credit Union." Amended Complaint at 1. The "Jurisdiction" section of the Amended Complaint indicates Matt Cano, the sole Defendant, is a citizen of New Mexico. Amended Complaint at 1. The original Complaint indicated that the State Employees Credit Union is also a Defendant, is incorporated under the laws of the State of New Mexico, and has its principle place of business in the State of New Mexico. *See* Complaint at 3.

Although it does not name Visa, which issued the credit card to Plaintiff, as a defendant, the Amended Complaint appears to assert a claim against Visa. *See* Amended Complaint at 4-5

(stating "Visa was negligent in handling our account" and "The amount in controversy exceeds $75,000 and Visa must pay an additional $75,000 for punitive fees").  The Amended Complaint does not state the citizenship of Visa.

The Court does not have jurisdiction over this matter.  Plaintiff and Defendants Cano and State Employee Credit Union are citizens of New Mexico.  *See* Amended Complaint at 1; original Complaint at 3.  Consequently, there is no properly alleged diversity jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("a party must show that complete diversity of citizenship exists between the adverse parties . . . Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant").  Nor is there any properly alleged federal question jurisdiction.  Although Plaintiff Raymond F. Mendez filed the Amended Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," there are no allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States."  *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law").  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations that Defendants are state actors or that Defendants deprived Plaintiff of a federally protected right.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because

the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
SENIOR UNITED STATES DISTRICT JUDGE