IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND F. MENDEZ and
MARGARET A. MENDEZ,

      Plaintiffs,

v.                                                                                                No. 1:23-cv-01160-JCH-JMR

STATE EMPLOYEES CREDIT UNION and
MATT CANO,

      Defendants.

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO RECONSIDER

Plaintiffs, both of whom are proceeding *pro se*, filed a Complaint using the form "Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)." Doc. 1, filed December 28, 2023. A letter attached to the Complaint indicates this case arises from Plaintiffs' credit card being declined at a restaurant. *See* Complaint at 5.

United States Magistrate Judge Jennifer M. Rozzoni ordered Plaintiffs to show cause why the Court should not dismiss this case for lack of jurisdiction because the Complaint does not allege facts supporting federal question jurisdiction or diversity jurisdiction. *See* Order to Show Cause at 1-2, Doc. 3, filed December 29, 2023 (explaining that: (i) diversity jurisdiction requires complete diversity of citizenship which means that no plaintiff can have the same residency as any defendant; and (ii) a complaint must identify the statutory or constitutional provision under which the claim arises and allege sufficient facts to show that the case arises under federal law to establish federal question jurisdiction).

Plaintiff Raymond F. Mendez ("Plaintiff") filed an Amended Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." *See* Doc. 5, filed January 10, 2024

("Amended Complaint"). The Amended Complaint does not list Margaret A. Mendez as a Plaintiff and is not signed by Margaret A. Mendez. The caption of the Amended Complaint indicates Defendants are "Matt Cano, Service of Process Agent, State Employees Credit Union." Amended Complaint at 1. The "Jurisdiction" section of the Amended Complaint indicates Matt Cano, the sole Defendant, is a citizen of New Mexico. Amended Complaint at 1. The original Complaint indicated that the State Employees Credit Union is also a Defendant, is incorporated under the laws of the State of New Mexico, and has its principle place of business in the State of New Mexico. *See* Complaint at 3. Although it does not name Visa, which issued the credit card to Plaintiff, as a defendant, the Amended Complaint appears to assert a claim against Visa. *See* Amended Complaint at 4-5 (stating "Visa was negligent in handling our account" and "The amount in controversy exceeds $75,000 and Visa must pay an additional $75,000 for punitive fees"). The Amended Complaint does not state the citizenship of Visa.

> The Court dismissed this case for lack of jurisdiction stating:
>
> Plaintiff and Defendants Cano and State Employee Credit Union are citizens of New Mexico. *See* Amended Complaint at 1; original Complaint at 3. Consequently, there is no properly alleged diversity jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("a party must show that complete diversity of citizenship exists between the adverse parties . . . Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant"). Nor is there any properly alleged federal question jurisdiction. Although Plaintiff Raymond F. Mendez filed the Amended Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," there are no allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States." *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law"). "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations that Defendants are state actors or that Defendants deprived Plaintiff of a federally protected right.

Order of Dismissal at 3, Doc. 6, filed January 22, 2024.

Plaintiff filed a Motion to Reconsider the dismissal of the case stating:

> Our Visa company appears to be immune to prosecution for wrong-doing as evidenced by their actions against us. There is the question also of diversity of citizenship. Our civil rights were violated. Visa was vindictive to us and flexed their muscles in denying payment of our 9-14-23 dinner bill. The humiliation brought to us was unnecessary.

Motion to Reconsider at 1, Doc. 9, filed January 30, 2024.

The Court construes the Motion to Reconsider, which Plaintiff filed within 28 days after entry of judgment, as a Rule 59(e) motion:

> No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Rule 59(e) relief is available in limited circumstances, including "(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

*Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1004 (10th Cir. 2017).

Plaintiff Ray does not argue that there has been an intervening change in the controlling law or that there is new evidence that was previously unavailable. Plaintiff appears to suggest that the Court erred in concluding that there is no diversity jurisdiction. *See* Motion to Reconsider at 1 (stating "There is the question also of diversity of citizenship" and referring to "Visa (Omaha, Neb))." Motion to Reconsider at 1. Plaintiff may also be suggesting that the Court erred in concluding that there is no federal question jurisdiction. *See* Motion to Reconsider at 1 (stating "Our civil rights were violated").

The Court denies the Motion to Reconsider. Plaintiff asserts "[t]here is the question also of diversity of citizenship." Motion to Reconsider at 1. The Amended Complaint, however, names Matt Cano and/or State Employees Credit Union, both of whom Plaintiff has stated are citizens of New Mexico. *See* Amended Complaint at 1 (stating Plaintiff is a citizen of New Mexico);

3

Complaint at 2-3.  Consequently, there is no properly alleged diversity jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("a party must show that complete diversity of citizenship exists between the adverse parties . . . Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant").  Plaintiff also asserts "[o]ur civil rights were violated."  Motion to Reconsider at 1.  The Amended Complaint does not identify which civil rights Visa allegedly violated and does not contain any allegations showing that this matter arises under federal law.  Consequently, there is no properly alleged federal question jurisdiction.  *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law").  The Motion to Reconsider does not set forth any argument or legal authority showing that the Court erred in concluding that there is no diversity or federal question jurisdiction.

    **IT IS ORDERED** that Plaintiff's Motion to Reconsider, Doc. 9, filed January 30, 2024, is **DENIED.**

                                                                SENIOR UNITED STATES DISTRICT JUDGE